In the Matter of the Controversy of THOMAS J. TOBIN *v.* JOHN. G. CARY and LEOPOLD ROTH.

*Practice — power of the court to allow amendments to be made* nunc pro tunc *— Code of Civil Procedure, sec.* 723.

After the sale of real estate, under a judgment entered in an action brought to foreclose a mortgage, it was discovered that a guardian *ad litem* for certain infant defendants had omitted to acknowledge his consent to act, as required by section 472 of the Code of Civil Procedure. Thereafter the court, upon the application of the guardian, and upon notice to all the parties who had appeared in the action, made an order directing the clerk to file the acknowledgment of the guardian and attach the same to the judgment-roll in said action, with the same force and effect as if the same had been attached with the consent of the guardian at the time of his appointment:

*Held,* that the court had power to grant the order, under section 723 of the Code of Civil Procedure, and that the purchaser acquired a good title.

Controversy submitted upon an agreed statement of facts, as provided in section 1279 of the Code of Civil Procedure.

Thomas J. Tobin purchased a house and lot known as No. 170 East 113th street, in the city of New York, at a foreclosure sale held in said city on the 29th day of September, 1884. In said foreclosure action William E. Stillings was appointed guardian *ad litem* for the infant defendants, Thomas Fealey, John McEvoy, Thomas McEvoy and Margaret McEvoy, the former then being an infant over fourteen years of age, and the other three being then and now infants under the age of fourteen years.

Said Tobin, thereafter and before taking title from the referee on said foreclosure sale, made a contract dated December 6, 1884, to sell said property to John G. Cary and Leopold Roth, when

it was discovered that the consent of said William E. Stillings to act as guardian *ad litem* was not acknowledged, as provided for in section 472 of the Code of Civil Procedure.

Thereafter the said guardian petitioned the Supreme Court, where said foreclosure action was brought, seeking to amend the papers on the appointment of said guardian, stating that the omission to acknowledge his written consent was a mere inadvertence; that it was his intention to comply with the law in that respect, and upon such petition and the consent of said William E. Stillings, as such guardian, and of Charles H. Preyer, as guardian *ad litem* of John Francis Fealey, and of Messrs. P. & D. Mitchell, plaintiff's attorneys, no other parties appearing in said foreclosure proceedings, an order was entered at a Special Term of this court on the 29th day of December, 1884, directing the clerk to file the acknowledgment of said guardian, and attach the same to the judgment-roll in said foreclosure action, with the same force and effect as if the same was attached to said consent at the time of the appointment of said guardian.

Said John G. Cary and Leopold Roth refused to accept said title on the ground that the Special Term of this court had no power to amend said judgment-roll *nunc pro tunc*, by inserting therein the acknowledgment to the written consent as aforesaid.

*P. & D. Mitchell*, for the plaintiff.

*Frank Malocksay*, for the defendants.

PER CURIAM:

The only question submitted in this case is whether the court had power to allow the amendment by an acknowledgment *nunc pro tunc* of the consent of a guardian to his appointment as such. We are of opinion that under section 723 of the Code of Civil Procedure that that power exists, and that the order of the court, as duly executed by the amendment of the record by inserting the acknowledgment, removed all objections to its validity.

There should be judgment in favor of Tobin requiring the purchasers Cary & Roth to perfect their purchase. By the stipulation in the case no costs are to be awarded.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

Judgment ordered for plaintiff on case submitted, without costs.